IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MARVIN P. CHRISLEY, *et al.*, | ) | |
| Plaintiffs, | ) | Civil Action No. 5:18cv00056 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| DAN RYAN BUILDERS MID-ATLANTIC, LLC, *et al.*, | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Dan Ryan Builders Mid-Atlantic, LLC and Dan Ryan Builders West Virginia, LLC's (collectively "DRB") Motion to Amend/Correct Third Party Complaint. ECF No. 111. On February 12, 2020, the Court held a conference call to discuss this motion as well as the Joint Motion to Continue Trial Date, ECF No. 121, and MI Windows and Doors, Inc.'s ("MI Windows") Motion for Leave to File Opposition to DRB's Motion to File Amended Third-Party Complaint, ECF No. 124. I granted the Joint Motion to Continue Trial Date as well as MI Windows's motion to file its opposition. *See* Order of February 13, 2020, ECF No. 131. I took DRB's Motion to Amend/Correct Third Party Complaint under advisement. *See id.* I have considered the parties' briefs and oral arguments and, for the reasons stated below, DRB's motion, ECF No. 111, is hereby **DENIED**.

I. Procedural History

Plaintiffs filed suit in March 2018 seeking damages for negligent construction and repair of their property, as well as personal injuries, against DRB. In August 2018, DRB filed a Third-Party Complaint against various subcontractors, including Fine Line Trim, LLC; Builders FirstSource Atlantic-Group, LLC ("Builders FirstSource"); and Cranford Contractors, Inc., ECF No. 25. Plaintiffs subsequently filed an Amended Complaint against the subcontractors in September 2018. ECF No. 29. Builders FirstSource filed a Fourth Party Complaint against MI

1

Windows on January 28, 2019. ECF No. 67. A Scheduling Order was entered in this case in April 2019, and a jury trial was scheduled to begin July 27, 2020. ECF No. 80. The deadline set forth in the Scheduling Order to file motions to join other parties or amend pleadings was July 31, 2019. On January 10, 2020, pursuant to Rule 15 of the Federal Rules of Civil Procedure, DRB filed its Motion to Amend/Correct Third Party Complaint to add a new subcontractor defendant, Southern Maryland Heating and Air, Inc. ("Southern Maryland"), and to initiate a direct action against MI Windows. ECF No. 111. Plaintiffs filed their opposition on January 24, 2020, and MI Windows filed its opposition on February 7, 2020. ECF Nos. 113, 125. The other Defendants consented to DRB's motion. *See* Motion to Am./Correct Third Party Compl. 1. DRB filed its reply on January 29, 2020. ECF No. 115.

## II. Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that a party may seek leave from the court to amend its pleading, and the court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "Despite this general rule liberally allowing amendments," courts may deny leave to amend "if the amendment 'would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (quoting *Laber*, 438 F.3d at 426).

In this case, the Court entered a scheduling order setting July 31, 2019, as the deadline for a party to move to amend the pleadings, absent a showing of good cause. *See* Scheduling Order 1. "[A]fter the deadlines provided by a scheduling order have passed, the good cause

standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *accord Thorpe v. Mechanicsville Concrete, LLC*, No. 3:10cv797, 2011 WL 3820809, at *2 (E.D. Va. Aug. 29, 2011) ("If a proposed amendment would interfere with an established scheduling order, a court may grant the motion 'only for good cause and with the judge's consent.'") (citing Fed. R. Civ. P. 16(b)(4)). Accordingly, I will assess the Motion to Amend/Correct Third Party Complaint under the more stringent good cause standard.[1] *See Nourison*, 535 F.3d at 298; *Smithfield Foods Inc. v. United Food & Commercial Workers Int'l Union*, 254 F.R.D. 274, 278 (E.D. Va. 2008). "When considering whether a movant has shown good cause for an untimely amendment, a court should primarily consider the movant's diligence." *Thorpe*, 2011 WL 3820809, at *2 (citing *Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam)).

Here, DRB seeks leave to amend its Third Party Complaint to add a new subcontractor, Southern Maryland, that performed HVAC work on the Plaintiffs' property under a contract with DRB and to assert claims for breach of contract, contribution, and indemnity. DRB also seeks to file a direct action against MI Windows and assert claims for contribution and implied indemnification regarding the supply, installation, and repair of windows at the Plaintiffs' property.

In moving for leave to amend, DRB acknowledges that Plaintiffs' original and amended complaints referenced the HVAC system. *See* DRB's Mem. in Supp. of Mot. for Leave to File Am. Compl. 2, ECF No. 111-2. DRB argues, however, that "the allegations against [the HVAC system] appeared minimal and did not seem to have any bearing on the personal injury claims."

---

[1] Although setting a deadline in a scheduling order for amending pleadings may create "tension within the Federal Rules of Civil Procedure between Rule 15(a) and 16(b)," scheduling orders provide district courts with an effective case management tool to manage heavy caseloads. *Nourison*, 535 F.3d at 298.

*Id.* It further argues that "it has now become clear," after Plaintiffs' expert witness disclosures on December 27, 2019, "that Plaintiffs intend to bring the HVAC-specific claims, to treat the same as 'material' defects in the home, and to include the claims as those bearing upon their theories of both construction liability and personal injury damages." *Id.* DRB seeks to add Southern Maryland as a defendant "out of an abundance of caution and in the interest of judicial economy." *Id.* at 3. Finally, DRB argues that any prejudice to Plaintiffs will be slight because the trial must be delayed regardless of any possible amendment to complete the remaining discovery. *Id.*

Plaintiffs in turn, argue that DRB knew of the HVAC-specific allegations even before the lawsuit was filed. *See* Pl.'s Opp. to DRB' Mot. to Am./Correct Compl. 1, ECF No. 113 (noting Plaintiffs provided "a virtual avalanche of evidence nearly three years ago" that dust in the HVAC system caused Plaintiffs' injuries). Plaintiffs' original and amended complaints did include allegations that the HVAC system caused their injuries. *See* Compl. ¶¶ 47(i), (j), (q), (r), ECF No. 1; Am. Compl. ¶¶ 58, (i), (j), (q), (r), ECF No. 29. Additionally, in 2017 and May 2019, Plaintiffs provided to DRB Tim Duffy's expert reports detailing the HVAC issues, and they disclosed those reports again as part of their expert disclosures in December 2019. *Id.* at 5, 8. Furthermore, DRB sent Southern Maryland a tender of defense and notice of the lawsuit in April 2018, but did not elect to pursue a third-party action against Southern Maryland when it filed its Third Party Complaint four months later. *Id.* at 6.

Considering the parties' arguments, I find that some factors under Rule 15 favor adding Southern Maryland as a third-party defendant. At this point, DRB's claim against Southern Maryland does not appear to be futile, and no party has argued that it is. Additionally, judicial economy may be better served by including Southern Maryland in this lawsuit, although, as

4

discussed below, the parties would need to revisit some depositions and written discovery. Nevertheless, in assessing DRB's motion, I must consider not just Rule 15, but also Rule 16's more stringent standard of good cause. The Court entered a Scheduling Order in April 2019 setting July 31, 2019, as the deadline for adding parties and amending pleadings. Accordingly, the Rule 16 standard applies to DRB's motion.

In this case, I cannot find that good cause exists to allow DRB to amend its third-party complaint. "Good cause exists when a party's reasonable diligence before the expiration of the amendment deadline would not have resulted in the discovery of the evidence supporting a proposed amendment." *Firemen's Ins. Co. v. Glen-Tree Invs., LLC*, No. 7:11-cv-59, 2012 WL 4191383, at *3 (E.D.N.C. Sept. 19, 2012); *see also Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003) ("Good cause is not shown when the amendment could have been timely made."). Although DRB contends it was surprised by Plaintiffs' expert disclosures in December 2019, DRB had knowledge even before the lawsuit was filed that the Plaintiffs had reported serious issues with the HVAC system. Moreover, DRB notified Southern Maryland of the lawsuit, which alleged HVAC issues, at least fourteen months before the Scheduling Order's deadline to add parties. Thus, DRB had ample opportunity to include Southern Maryland in this lawsuit in 2018. DRB filed its motion to amend nearly six months after the deadline for amending pleadings or joining other parties, and eighteen months after it filed the Third Party Complaint. DRB offered no reason, except a change in strategy, to excuse its delay in filing. A party's mere change in strategy, however, does not show diligence or good cause. Considering DRB's delay, I cannot find that good cause exists to modify the Scheduling Order and allow DRB to amend its third-party complaint after the deadline has

passed. Furthermore, DRB will not suffer prejudice because it is free to pursue a separate action against Southern Maryland, if necessary, after the current lawsuit is concluded.

DRB also seeks leave to initiate a direct action against MI Windows. DRB filed the Third Party Complaint against Builders FirstSource, Fine Line Trim, and Cranford Contractors in August 2018. In January 2019, Builders FirstSource filed a Fourth Party Complaint against MI Windows relating to its manufacture, sale, and supply of windows used in the Plaintiffs' property. One year later, DRB now seeks to initiate a direct action against MI Windows. MI Windows opposes this motion, arguing that it will be prejudiced if DRB were allowed to add a claim for negligent repair, as opposed to the claim asserted by Builders FirstSource for manufacture or design defect, because bringing this additional claim would require revisiting written discovery and depositions. MI Windows Opp. to Mot. to Am. Third-Party Compl. 2, ECF No. 125.

Considering the parties' arguments, I also find that good cause does not exist to grant DRB's motion to initiate a direct action against MI Windows. DRB had knowledge of MI Windows' work on the Plaintiffs' property, and DRB has offered no reason to justify its delay in asserting claims against MI Windows. *See Firemen's Ins. Co.*, 2012 WL 4191383, at \*3; *see also Interstate Narrow Fabrics*, 218 F.R.D. at 460. Therefore, I cannot find that good cause exists to allow DRB to initiate a direct action against MI Windows.

### III. Conclusion

Accordingly, for the reasons set forth herein, the Dan Ryan Builders' Motion to Amend/Correct Third Party Complaint, ECF No. 111, is **DENIED**.

It is so ORDERED.

ENTER: March 5, 2020

*[signature]*

Joel C. Hoppe
United States Magistrate Judge